Judge McWILLIAMS
concurring in part and dissenting in part.
I concur in parts I, II, and III of the majority opinion. I respectfully dissent from part IV of the majority opinion.
We are here concerned with that part of 18 U.S.C. § 924(c) which makes it unlawful for a person to “possess” a firearm “in furtherance of a drug trafficking crime.” The jury convicted Iiland of that particular crime and in my view the evidence is sufficient to support such conviction.
Firearms were found in a search of Ii-land’s residence. Iiland stored drugs in a *1275 storage unit several miles from his residence. Iiland, using his own name, rented the storage unit. The search of Iiland’s residence revealed on Iiland’s person the key to the storage unit. Evidence clearly indicated that Iiland was a central figure in a drug operation in the Tulsa area which continued for several years. Also found in Iiland’s residence were portable scales, which, according to testimony of an FBI agent, were of a type suitable for weighing drugs, strongly suggesting, to me, that drugs were weighed in Iiland’s residence. All things considered, the evidence, in my view, was such that the jury could reasonably infer, as it did, that the firearm in question was possessed in furtherance of a drug trafficking crime. Evidence of the “in furtherance of’ issue, when the charge is “possession” of a firearm, will, of course, almost always be circumstantial. By denouncing the “possession” of a firearm “in furtherance of a drug trafficking crime,” Congress intended to add to the other provisions in 18 U.S.C. § 924(c) which make it unlawful to “use” or “carry” a firearm “during and in relation to a drug trafficking crime.” The majority opinion, in my view, virtually negates the “possession” prong of 924(c).